UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

STEPHAN JAY LAWRENCE,　　　　　　　　　　Case No. 97-14687-BKC-AJC
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 7
　　　Debtor.
_____/

**TRUSTEE'S MOTION FOR ORDER ESTABLISHING
CASE CLOSING PROCEDURES**

Alan L. Goldberg, the court-appointed Chapter 7 Trustee (the "Trustee"), files this motion seeking entry of an Order establishing procedures to close the captioned Chapter 7 case and states:

**Introduction**

1.　There has been no substantive activity in this Chapter 7 case for some time. To date, the Debtor has not turned over the principal asset of the estate, the *res* of an offshore trust (the "Trust Res"), to the Trustee as the Debtor was ordered to do by this Court more than ten (10) years ago. Accordingly, out of an abundance of caution, the Trustee seeks entry of an Order establishing case closing procedures so as to, among other things, avoid any argument by the Debtor that, by closing the case, the Trustee is abandoning any interest the Estate has in the Trust Res which was valued at approximately $7 million in the Debtor's schedules.

**Background**

2.　The following Proofs of Claim were filed in this Chapter 7 case:

| **Claimant** | **Claim Number** | **Amount of Claim** |
|---|---|---|
| Bear Stearns & Co., Inc. | 1 | $20,412,115.00 |
| Bank One, N.A. | 2 | $5,196.92 |

2795988-2

| | | |
|---|---|---|
| American Express Centurion Bank Optima | 3 | $5,785.94 |
| American Express Travel Related Services | 4 | $1,140.17 |
| BellSouth Telecommunications, Inc. | 5 | $265.07 |
| Max Recovery (as Assignee of Chase Manhattan Bank, N.A.) | 6 | $8,405.93 |
| Baker & Hostetler | 7 | $23,529.49 |
| MBNA America Bank, N.A. | 8 | $30,309.08 |
| Behar Gutt & Glazer, P.A. | 9 | $10,000.00 |

3. At present, the estate has cash on hand of approximately $103,572.71. After payment of applicable statutory fees to the Trustee,[1] and any outstanding fees and expenses incurred by general bankruptcy counsel (Berger Singerman, P.A.[2]) and special litigation counsel (Meland, Russin & Budwick, P.A.), the remaining balance would be payable to the above-referenced creditors on a *pro rata* basis, with the lion's share going to JP Morgan Chase, the successor-in- interest to Bear Stearns & Co., Inc.[3]

## Relief Requested

4. The Trustee seeks entry of an Order that (a) directs (i) each of Berger Singerman, P.A., Meland, Russin & Budwick, P.A. and the Trustee to file final applications for compensation and reimbursement of expenses within thirty (30) days of the entry of an Order

---

[1] 11 U.S.C. § 326(a).

[2] All fees and expenses incurred by Berger Singerman, P.A. from the date the Debtor filed this Chapter 7 case through November 30, 2009 have been paid for with *non*-estate funds pursuant to prior Order of this Court. Berger Singerman, P.A. will seek payment of any and all fees and expenses incurred from this date forward from estate funds.

[3] The Trustee has reviewed the claims filed in this case and will not be objecting to any of them.

2795988-2

granting this Motion, (ii) the Trustee to deliver to the Office of the U.S. Trustee his Trustee's Final Report within forty-five (45) days of the entry of an Order granting this Motion, and (b) finds that the ultimate closing of this Chapter 7 case does not constitute an abandonment by the Trustee of the estate's interests in the Trust Res in the event that information concerning the location of the Trust Res, or the Trust Res itself is located at some future date. The requested language in clause (b) is requested so that there is no basis for the Debtor to argue that there has been an abandonment by the estate of its interest in the Trust Res by virtue of the closing of this Chapter 7 case. If information concerning the location of the Trust Res is uncovered by the Trustee, or if the Trust Res itself is located, the Trustee reserves the right to seek to reopen the case pursuant to 11 U.S.C. § 350(b).

Upon the delivery to the Office of the U.S. Trustee of the Trustee's Final Report, this case shall follow the established review, distribution and closing procedures.

**WHEREFORE**, the Trustee respectfully requests entry of an Order substantially in the form annexed hereto as **Exhibit A** granting the relief requested herein and for such other and further relief to which the Trustee may be entitled and is otherwise just and proper.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by CM/ECF upon all parties entitled to receive such service including the Office of the U.S. Trustee, 51 S.W. 1st Ave., Room 1204, Miami, FL 33130, and via Regular U.S. Mail, postage prepaid, upon all parties listed on the attached Service List on this 15th day of July, 2010.

[Balance of page left blank intentionally]

2795988-2

BERGER SINGERMAN, P.A.
Attorneys for the Trustee
200 S. Biscayne Blvd., Suite 1000
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
*and*
2650 N. Military Trail, Suite 240
Boca Raton, FL 33431
Telephone:  (561) 241-9500
Facsimile:  (561) 998-0028

By: */s/  Paul A. Avron*
    Paul Steven Singerman
    Florida Bar No. 378860
    singerman@bergersingerman.com
    Paul A. Avron
    Florida Bar No.  0050814
    pavron@bergersingerman.com

2795988-2

**SERVICE LIST**

Stephan Lawrence
19500 Turnberry Way #23
Aventura, FL 33180

Alan Goldberg, Trustee
Crisis Management, Inc.
111 S.W. 3rd St., Suite 701
Miami, FL 33130

Michael Budwick, Esq.
Meland Russin & Budwick P.A.
200 South Biscayne Blvd., Suite 3000
Miami, FL 33131

Mark D. Cohen, Esq.
Mark D. Cohen, P.A.
Presidential Circle, Suite 435 South
4000 Hollywood Blvd.
Hollywood, FL 33021

Howard Kahn, Esq.
Kahn & Chenkin
2924 Davie Road, Suite 200
Davie, FL 33314

Matthew Wolper, Esq.
Attorney for JP Morgan Chase
Bressler, Amery & Ross, PC
Huntington Centre II
2801 SW 149th Avenue, Ste. 300
Miramar, FL  33027

Bank One, N.A.
P.O. Box 6181
Westerville, OH 43086

American Express Centurion Bank Optima
P.O. Box 3001
Malvern, PA 19355

American Express Travel Related Services
P.O. Box 3001
Malvern, PA 19355

2795988-2

BellSouth Telecommunications
301 W. Bay Street, #12DD1
Jacksonville, FL 32202

Chase Manhattan Bank USA, N.A.
100 Duffy Ave.
Hicksville, NY 11801

Baker & Hostetler
1050 Connecitcut Ave., NW
Suite 1100
Washington, DC 20036

MBNA Ameria Bank, N.A.
PO Box 15725
Wilmington, DE 19885

Behar Gutt & Glazer, P.A.
2999 NE 199th Street, Ste. 800
Aventura, FL 33180

2795988-2

**EXHIBIT "A"**
Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

STEPHAN JAY LAWRENCE,                    Case No. 97-14687-BKC-AJC
                                         Chapter 7
      Debtor.
_____/

**ORDER GRANTING TRUSTEE'S MOTION FOR ORDER
ESTABLISHING CASE CLOSING PROCEDURES**

THE MATTER came before the Court for hearing on _____ ___, 2010 in Miami, Florida upon Trustee's Motion for Order Establishing Case Closing Procedures (the "Motion") [D.E. ___] filed by Alan L. Goldberg, the court-appointed Chapter 7 Trustee (the "Trustee"). The Court has considered the Motion, heard argument of counsel, and being otherwise fully advised in the premises, finds that good cause exists to grant the relief requested. Accordingly, the Court **ORDERS**:

    1.    The Motion is **GRANTED**.

    2.    Each of Berger Singerman, P.A. (Trustee's general counsel), Meland, Russin & Budwick, P.A. (Trustee's special litigation counsel) and the Trustee shall file final applications

2801377-3

for compensation and reimbursement of expenses within thirty (30) days of the entry of this Order on the Court's docket.

    3.    The Trustee shall deliver to the Office of the U.S. Trustee his Trustee's Final Report within forty-five (45) days of the entry of this Order on the Court's docket.

    4.    The ultimate closing of this Chapter 7 case does not constitute an abandonment by the Trustee of the estate's interests in the Trust Res (as defined in the Motion) in the event that that information concerning the location of the Trust Res, or the Trust Res itself is located at some future date.

    5.    Upon the delivery to the Office of the U.S. Trustee of the Trustee's Final Report, this case shall follow the established review, distribution and closing procedures.

    6.    This Court retains jurisdiction to consider any disputes concerning the terms and implementation of this Order, including any motion that might be filed by the Trustee to reopen this case pursuant to 11 U.S.C. § 350(b) in the event that that information concerning the location of the Trust Res, or the Trust Res itself is located at some future date.
.

# # #

**Submitted by:**
Paul A. Avron, Esq.
Berger Singerman, P.A.
2650 North Military Trail, Suite 240
Boca Raton, FL  33431-7391
Tel (561) 241-9500
Fax (561) 998-0028

**Copy furnished to:**
cc:  Paul A. Avron, Esq.
(*Attorney Avron shall serve a copy of this order upon receipt to all interested parties and file a Certificate of Service with the Clerk of the Court*)

2801377-3